# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**L. RUTHER,**
    **Plaintiff**

**-vs-**                                                           **Case No. 6:07-cv-1872-Orl-18DAB**

**UNITED STATES SUPREME COURT OFFICERS,**
    **Defendant**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**   **MOTION TO PROCEED IN FORMA PAUPERIS (Doc. No. 3)**
>
> **FILED:**     **January 24, 2008**
>
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED and the complaint be dismissed**.

Plaintiff seeks to proceed in this action *in forma pauperis*. In order to proceed in this fashion, Plaintiff must allege a non-frivolous cause of action within the limited jurisdiction of the federal courts. Upon a party's submission of an affidavit of indigency, any court of the United States may authorize the party to proceed in forma pauperis. 28 U.S.C. § 1915(a). However, the Court may dismiss the case or refuse to permit it to continue without payment of fees if the Court determines that

the action is "frivolous or malicious." 28 U.S.C. § 1915(e)(2). A cause of action should not be considered frivolous unless "without arguable merit." *Sun v. Forrester*, 939 F.2d 924, 925 (11th Cir. 1991), *cert. denied*, 503 U.S. 921 (1992) (*quoting Harris v. Menendez*, 817 F.2d 737, 739 (11th Cir. 1987)). To determine if a plaintiff should be permitted to proceed in forma pauperis, a district court must determine "whether there is 'a factual and legal basis . . . for the asserted wrong, however inartfully pleaded.'" *Id. (quoting Watson v. Ault*, 525 F.2d 886, 892 (5th Cir.1976)). A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers. *Erickson v. Pardus*, 127 S.Ct. 2197, 2200 (2007).

The pleading filed in this matter does not meet that standard.

The Complaint, which is largely unintelligible, purports to seek unspecified relief against unidentified "United States Supreme Court Officers."  To the extent Plaintiff is seeking to proceed against these "officers," they are insufficiently identified and/or there are no allegations sufficient to establish personal jurisdiction over the non-resident persons or entities.  Moreover, the Court cannot ascertain the nature or basis of *any* claim, let alone one within the limited jurisdiction of this Court.  As such, this complaint cannot serve to support any cause of action and the motion must therefore be **denied.**

It is recommended that Plaintiff's application be denied and that the action be dismissed if Plaintiff fails to file an amended complaint setting forth some claim within the limited jurisdiction of this Court against a cognizable defendant.  Any such amendment must meet the requirements of Rule 8 of the Federal Rules of Civil Procedure that the complaint contain "a short and plain statement of the grounds upon which the court's jurisdiction depends" and "a short and plain statement of the claim

showing that the pleader is entitled to relief" within 11 days from the date of any Order adopting or affirming this Report and Recommendation. **Accordingly, it is respectfully RECOMMENDED that Plaintiff's case be DISMISSED without further notice if Plaintiff fails to file an amended complaint in compliance with these guidelines within 11 days from the date of any Order adopting or affirming this Report and Recommendation**.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on January 30, 2008.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Unrepresented Party
Courtroom Deputy